United States District Court
District of Massachusetts

| | |
|---|---|
| Manuel Lucero, <u>pro se</u> )<br><br>    Plaintiff, )<br><br>    v. )<br><br>George Glynos et al., )<br><br>    Defendants. ) | Civil Action No.<br>22-11823-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case arises out of allegations of plaintiff, Manuel Lucero V ("Lucero" or "plaintiff") that he was unable to practice his Wiccan faith while in pretrial detention at the Essex County Correctional Facility ("ECCF"). Plaintiff seeks monetary damages from Ashley Turcotte ("Turcotte"), who purportedly manages religious services at the jail, and George Glynos ("Glynos" and collectively, "defendants"), a grievance officer. Pending before the Court is defendants' motion to dismiss (Docket No. 29). For the reasons that follow, the motion will be denied.

## I. Background

In September, 2022, Lucero was taken into state custody as a pretrial detainee. Shortly thereafter, he purportedly

-1-

requested a long list of items and accommodations that he avers are necessary for the practice of his Wiccan faith.  That list included, <u>inter alia</u>, a variety of objects, such as cloth, ritual oils and incense, religious texts and the ability to conduct certain forms of worship.

Plaintiff contends that defendants denied his requests for the items and accommodations related to his religious practice notwithstanding the accommodation of other religious practices at the facility.

Upon filing the complaint, Lucero also moved for a temporary restraining order and a preliminary injunction.  This Court denied those motions in May, 2023, because plaintiff no longer resided at the ECCF.  Plaintiff elected to pursue his § 1983 suit for damages and defendants now move to dismiss.

## II. <u>Motion to Dismiss</u>

### A. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant

-2-

is liable for the misconduct alleged. Ocasio-Hernandez v.
Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering such a determination, a court may consider
certain categories of documents extrinsic to the complaint
"without converting a motion to dismiss into a motion for
summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36
(1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st
Cir. 1993)).  For instance, a court may consider documents of
undisputed authenticity, official public records, documents
central to a plaintiff's claim and documents that were
sufficiently referred to in the complaint. Watterson, 987 F.2d
at 3.

A court may not disregard properly pled factual allegations
in the complaint even if actual proof of those facts is
improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the
court's inquiry must focus on the reasonableness of the
inference of liability that plaintiff is asking the court to
draw. Id. at 13.

### B. Analysis

#### 1. Official Capacity and RLUIPA Claims

Defendants move to dismiss plaintiff's claims for damages
brought against defendants in their official capacities and
claims under the Religious Land Use and Institutionalized
Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA").  Plaintiff

-3-

has, however, long since voluntarily dismissed those claims
which are no longer viable and defendant's motion in that regard
is therefore denied as moot.

### 2. Free Exercise

Defendants also move to dismiss plaintiff's free exercise
claim.  The Free Exercise Clause of the First Amendment of the
U.S. Constitution (applicable to states and localities under the
Fourteenth Amendment) provides that "Congress shall make no law
respecting an establishment of religion, or prohibiting the free
exercise thereof..."  Prison restrictions that impinge on
religious practices of inmates do not fall afoul of the
Constitution if they are "reasonably related to legitimate
penological interests." Kuperman v. Wrenn, 645 F.3d 69, 74 (1st
Cir. 2011) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).
To determine whether a restriction is permissible, courts
consider the so-called "Turner factors," which include:

> (1) whether there is a valid, rational connection
> between the regulation and the legitimate government
> interest put forward to justify it; (2) whether
> alternative means to exercise the right exist; (3) the
> impact that accommodating the right will have on
> prison resources; and (4) the absence of alternatives
> to the prison regulation.

Id. (citing Turner, 482 U.S. at 89-90).  Inmates bear the
ultimate burden of persuasion in contesting a restriction or
regulation. Id. (citing Overton v. Bazzetta, 539 U.S. 126, 132
(2003).

Defendants contend, in cursory fashion, that plaintiff has failed 1) to allege concrete facts demonstrating how his religious practice was stifled and 2) to describe why the prison facility did not have legitimate penological reasons for preventing plaintiff from obtaining particular objects used in his religious practice.  Plaintiff rejoins that the complaint describes specific instances in which he was denied religious items and the accompanying declaration explains the purported relevance of the proscribed items and practices to his faith.

Plaintiff has stated a plausible claim.  The Court construes his pro se declaration, which was separately docketed on the same day as the complaint, as part of the complaint.  See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75-76 (1st Cir. 2014).  The complaint and declaration lucidly describe the specific materials denied, the key components of his religious practice and how the specific items denied are important to his religious practice.

The complaint does not exhaustively describe how the denial of each item was unjustified by penological interests but the pleading standard does not require a plaintiff to anticipate and refute all potential defenses. See Piccone v. McClain, 720 F.Supp.2d 139, 148 (D. Mass. 2010).  The motion with respect to the free exercise claim will be denied.

-5-

### 3. Equal Protection

Defendants also move to dismiss plaintiff's equal protection claim.  Under the Equal Protection Clause, the Commonwealth is obliged to treat similarly situated individuals equally. City of Cleburne v. Cleburne Loving Ctr., Inc., 473 U.S. 432, 439 (1985).  Nonetheless, there is no obligation in carceral settings that inmates of different religious sects receive identical services and amenities. Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972).

Defendants contend that the items plaintiffs seek are not comparable to the items prison administrators permit adherents of other religions to possess in the facility.  The primary distinction, in defendants' view, is that the items plaintiff seeks pose security risks at the facility.  As with the free exercise claim, defendants argument as to particular security interests are superficial.  While the equal protection claim appears redundant of the free exercise claim, see Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005), defendants' perfunctory response does not warrant dismissal of the claim. The motion to dismiss with respect to the equal protection claim will be denied.

ORDER

For the foregoing reasons, the motion of defendants, Ashley Turcotte and George Glynos in their individual and official capacities (Docket No. 29), is, with respect to the official capacity claims and claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc <u>et</u> <u>seq.</u>, **DENIED** as moot, and is otherwise **DENIED**.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge


Dated:  August *6* , 2024