United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Manuel Lucero, <u>pro se</u> | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 22-11823-NMG |
| George Glynos, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM & ORDER

GORTON, J.

In September, 2022, plaintiff Manuel Lucero, V. ("plaintiff" or "Lucero") was taken into state custody at the Essex County Sheriff's Department ("ECSD") as a pretrial detainee. Shortly thereafter, he purportedly requested a long list of items and accommodations that he avers are necessary for the practice of his Wiccan faith.

Plaintiff contends that defendants denied his requests for the items and accommodations related to his religious practice notwithstanding the accommodation of other religious practices at the facility.

I. **Background**

Plaintiff is a practitioner of Wicca, a polytheistic neopagan religion. He was initiated into the religion in

September, 2018, and has been a devout adherent ever since. As part of their religious practice, Wiccans engage in rituals requiring certain materials, such as ritual oils and herbs, candles, cloth, robes, an altar bowl and religious texts.

Upon his incarceration at the ECSD in September, 2022, plaintiff formally requested accommodations to practice Wicca, including the aforementioned items for rituals. Because the materials were not available for purchase at the facility's commissary, plaintiff offered to purchase them with his own money if he were permitted to order them.

Soon thereafter defendant Ashley Turcotte ("Turcotte"), the Assistant Director of Programs at ECSD, informed Lucero that his request was denied. She then provided him with an introductory guide for prisoners interested in converting to Wicca from the Arizona State Prison System. Plaintiff filed a formal grievance, which defendant George Glynos ("Glynos"), a grievance officer, reviewed. In his Grievance Finding report, Glynos wrote that "all religious requests must be submitted to Ashley Turcotte" and that Turcotte had already provided plaintiff with "religious literature printouts," referring to the introductory guide on converting to Wicca. Lucero appealed that Grievance Finding but defendants took no further action.

Plaintiff filed the instant suit against defendants Turcotte and Glynos in their individual capacities, alleging

violations of the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. He seeks monetary damages under 42 U.S.C. §1983.

In August, 2024, this Court denied defendants' motion to dismiss (Docket No. 29). In December, 2025, defendants moved for summary judgment (Docket No. 81), which plaintiff timely opposed (Docket No. 84). Defendant filed a reply to plaintiff's opposition (Docket No. 97), which plaintiff moved to strike as a violation of Local Rule 7.1(b)(3) (Docket No. 98). Defendant opposed the motion to strike, noting that the applicable rule is Local Rule 56.1, and asks the Court to consider newly raised arguments ab initio.[1]

II.  **Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and

---

[1] The Court will consider any arguments in the reply that were included in the initial motion for summary judgment. See United States v. Toth, 33 F.4th 1, 19 (1st Cir. 2022) (noting that new arguments may not be made in reply briefs).

-3-

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when the evidence, with respect to the material fact in dispute, "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).

Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23, 106 S. Ct. 2548. Where the non-movant bears the ultimate burden of proof at trial, he must present enough "definite, competent evidence to rebut the motion." Greene v. Cabral, 323 F. Supp. 3d 96, 104 (D. Mass.

2018) (quoting Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008)).

### III. Discussion

#### A. Free Exercise Clause

The Free Exercise Clause provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." Prison restrictions that impinge on religious practices of inmates are permissible if they are "reasonably related to legitimate penological interests." Kuperman v. Wrenn, 645 F.3d 69, 74 (1st Cir. 2011) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In making that determination, courts consider the four so-called Turner factors:

> (1) whether there is a valid, rational connection between the regulation and the legitimate government interest put forward to justify it; (2) whether alternative means to exercise the right exist; (3) the impact that accommodating the right will have on prison resources; and (4) the absence of alternatives to the prison regulation.

Id. (citing Turner, 482 U.S. at 89-90). Inmates bear the ultimate burden of persuasion in contesting a restriction or regulation. Id. (citing Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

In the instant case, defendants rely primarily on the first Turner factor, contending that the denial of plaintiff's request

is logically connected to the prison's interest in safety.[2] Although prisons undisputedly have a legitimate interest in maintaining a secure facility, defendants have not supported their assertion that plaintiff's requested accommodations are unacceptably dangerous. Defendants have referred to only two of plaintiff's 17 requested accommodations.

Even with respect to the specifically referenced requests, defendants fail to establish a logical connection between their exclusion and safety. For example, they argue that essential oils are flammable and dangerous but offer no explanation as to why coconut oil, which is also flammable, is sold at the commissary. Indeed, there is no evidence that prison officials have actually assessed the safety of the accommodations before labeling the items as dangerous. Without such an assessment, the Court cannot determine whether the denial of accommodations is based on a legitimate penological interest sufficient to overcome plaintiff's free exercise claim. See Hudson v. Maloney, 326 F. Supp. 2d 206, 214 (D. Mass. 2004); see also Rouser v. White, 630 F. Supp. 2d 1165, 1190 (E.D. Cal. 2009) (finding that a jury could reasonably conclude that disparate treatment of

---

[2] Defendants devote most of their Turner analysis to the argument that plaintiff has failed to allege facts demonstrating how his religious practice was stifled, which this Court previously rejected in denying defendants' Motion to Dismiss. See Docket No. 34.

similar religious accommodations suggests a lack of neutrality in the justification offered by defendants).

Under the Turner analysis, the Court must also consider whether there are alternative means for the inmate's exercise of the constitutional right at issue, the impact of the desired accommodation on the prison and the absence of obvious alternative policies.  Defendants have not addressed such factors in their memoranda nor have they proffered any evidence on the subject.  Defendants contend that they need not address the Turner factors or otherwise justify their actions until plaintiff meets

> his burden of describing with specificity how each denied Wiccan religious item was unjustified by the penological safety interests of the ECSD.

That is not the law. Where the ultimate burden of persuasion rests on the nonmoving party, and the movant has met its initial burden of demonstrating the absence of a genuine issue of material fact, only then does the burden shift to the nonmoving party to show that a trier of fact could reasonably find in favor of the nonmoving party. Skyview Finance Co., LLC v. Kearsarge Trading, LLC, 616 F. Supp. 3d 152, 157 (D. Mass. 2022).  As previously noted, defendants have not demonstrated the absence of a genuine issue of material fact and thus summary judgment on this claim will be denied.

## B. Qualified Immunity

Defendants argue that they are entitled to qualified immunity on plaintiff's Free Exercise claim. An official sued under §1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was clearly established at the time of the conduct. Plumhoff v. Rickard, 572 U.S. 765, 778 (2014). A right is clearly established if at the time of the challenged conduct, "the contours of the right … [were] sufficiently clear" such that a reasonable official would understand she is violating the law. Giragosian v. Bettencourt, 614 F.3d 25, 29 (1st Cir. 2010). Officials can be on notice that their conduct violates established law even in novel factual circumstances and a plaintiff is not required to cite cases in which the precise conduct at issue has been found unlawful. Cintron v. Bibeault, 148 F.4th 37, 51-52 (1st Cir. 2025).

As noted above, a genuine dispute of material fact precludes any summary determination as to whether plaintiff's constitutional rights have been violated. If the fact-finder were to conclude, however, that the denial of the requested items was not sufficiently supported by a legitimate penological interest, defendants would not be entitled to qualified immunity. No reasonable officer could have believed that it was constitutional to deny religious accommodations without

-8-

conducting more than a cursory inquiry into whether the accommodations pose a safety risk. The requirements of the Turner inquiry were well-established at the time of the conduct yet defendants have proffered no evidence with respect to several of those factors, nor is there any evidence that defendants considered such factors when denying plaintiff's requested accommodation. Accordingly, defendants are not entitled to summary judgment on the basis of qualified immunity.

### C. Equal Protection Clause

Under the Equal Protection Clause, the Commonwealth is obliged to treat similarly situated individuals equally. City of Cleburne v. Cleburne Loving Ctr., Inc., 473 U.S. 432, 439 (1985). Nonetheless, there is no obligation in carceral settings that inmates of different religious sects receive identical services and amenities; rather, an inmate who is an adherent of a minority religion must be afforded a reasonable opportunity to pursue his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts. Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972).

Defendants contend plaintiff's Equal Protection Clause claim must fail because, in approving or disapproving of religious items, ECSD considers only the safety of the item and does not discriminate based on the kind of religion the inmate practices. That argument does not respond to the contention

that a facially neutral policy is being applied in a discriminatory manner, an inquiry which is not answered on the record before the Court. A genuine issue of material fact, namely how and why ECSD makes safety determinations, precludes allowance of defendant's motion for summary judgment on the equal protection claim.

### ORDER

For the foregoing reasons, defendants' Motion for Summary Judgment (Docket No. 81) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: February 11, 2026