United States District Court
District of Massachusetts

| | |
|---|---|
| Manuel Lucero, pro se ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 22-11823-NMG |
| George Glynos, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is defendants' Motion for an Order Granting Access to Criminal Offender Record Information ("CORI") Concerning Plaintiff (**Docket No. 109**), which plaintiff opposes (**Docket No. 120**). For the reasons that follow, that motion will be allowed.

An attorney in a civil action may request the CORI from the Department of Criminal Justice Information Services ("DCJIS") "for the purposes of witness impeachment or trial strategy." Howe v. Town of N. Andover, 784 F. Supp. 2d 24, 32 (D. Mass. 2011). In order to obtain that information, the

> attorney of record must 1) submit a motion to the trial judge requesting approval of a general grant of access to the specific individual's CORI and 2) attach an affidavit to the motion stating that the CORI is to be used exclusively for witness impeachment or trial strategy in the civil suit.

Id.

Here, defendants have properly submitted such a request purportedly to prepare an adequate cross-examination of Lucero and to test the credibility of his testimony. Lucero contends that using his prior convictions as impeachment evidence would be unfairly prejudicial. Without deciding the admissibility of such impeachment evidence, the Court is unpersuaded by plaintiff's argument. Evidence need not be admissible in order to be discoverable. Fed. R. Civ. P. 26(b)(1).

Plaintiff also argues that similar requests have been denied as attempts to release sensitive and irrelevant information and to "discourage plaintiffs from bringing lawsuits for fear of embarrassment." Salem v. Stoneham Police Dep't, 662 F. Supp. 3d 41, 44 (D. Mass. 2023). The request in Salem was, however, made before any trial date had been set, rendering premature any claim that the records were necessary for trial strategy or preparation of a cross-examination. Id. at 43-44. Here, in contrast, trial is scheduled to commence in less than two weeks and Lucero has indicated that he will testify at that trial. As such, defendants are entitled to such materials to prepare for his cross-examination.

For the foregoing reasons, defendant's motion is **ALLOWED**.

**So ordered.**

                                         /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        Senior United States District Judge

Dated:  February 18, 2026